# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **URSULA DAVIS** | : | **CIVIL ACTION NO:** |
| | : | |
| **VERSUS** | : | **JUDGE:** |
| | : | |
| **MORGAN LEBLANC AND MGA** | | |
| **INSURANCE COMPANY, INC. AND** | | |
| **STATE FARM MUTUAL** | | |
| **AUTOMOBILE INSURANCE** | | |
| **COMPANY** | : | **MAGISTRATE:** |

## NOTICE OF REMOVAL

Defendant, MGA Insurance Company, Inc. ("removing defendant"), hereby gives Notice of Removal of the above action from the 1st Judicial District Court for the Parish of Caddo, to the United States District Court for the Western District of Louisiana.  In support of the Notice of Removal, the removing defendant states as follows:

1.      This action was originally commenced by Ursula Davis on August 3, 2017 through filing of a Petition for Damages in the 1st Judicial District Court, Parish of Caddo, State of Louisiana, captioned, *Ursula Davis versus Morgan LeBlanc and MGA Insurance Company, Inc. and State Farm Mutual Automobile Insurance Company,* No. 602620-B.

2.      Defendant, MGA Insurance Company was served with the Citation and original Petition for Damages through its registered agent for service, the Louisiana Secretary of State, on August 17, 2017.

3.      The Caddo Parish Clerk of Court issued the Citation for service on Defendant, Morgan LeBlanc, along with the original Petition for Damages, on August 4, 2017 pursuant to Louisiana's "Long-Arm Statute," L.A. R.S. 13:13201, *et seq.*  To date, no Affidavit of

Service has been filed with the Caddo Parish Clerk of Court evidencing service of process upon Morgan LeBlanc. Therefore, consent could not be obtained at this time.

4.  Defendant, State Farm Mutual Automobile Insurance Company was served with the Citation and original Petition for Damages through its registered agent for service, the Louisiana Secretary of State, on August 17, 2017; however, no one has appeared on behalf of State Farm Mutual Automobile Insurance. Therefore, consent could not be obtained at this time.

5.  The United States District Court for the Western District of Louisiana is the court embracing the place wherein the state court action is pending.

6.  This court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 and it was properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

## Diversity of Citizenship

7.  The action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.  Plaintiff, Ursula Davis, is a person of the full age of majority domiciled in the Parish of Caddo, State of Louisiana, and a citizen of Louisiana. *See Petition for Damages,* attached as Exhibit A.

9.  MGA Insurance Company, Inc., is a foreign insurance corporation organized and existing under the laws of the State of Texas and with its principal place of business in Dallas, Texas.

10. Upon information and belief, the defendant, Morgan LeBlanc, is a person of the full age of majority and domiciled in the City of Gladewater, Texas and a citizen of Texas.

11.     Upon information and belief, the defendant, State Farm Mutual Automobile Insurance Company, is a foreign insurance corporation organized and existing under the laws of the State of Illinois and maintains its principal place of business in Bloomington, Illinois.

9.      Accordingly, no properly joined and served defendant is a resident or citizen of the same state as the plaintiff and complete diversity of citizenship exists.

## Amount in Controversy

10.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     Louisiana Code of Civil Procedure Article 893 A(1) articulates the following requirements for the pleading of monetary damages:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish... the lack of jurisdiction of federal courts due to insufficiency of damages, ... a general allegation that the claim exceeds or is less than the requisite amount is required.

Hence, Article 893 requires the plaintiff to generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction.  The Plaintiff failed to make such an assertion in this case.

12.     Because the plaintiff in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1] The removing defendant may prove the amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.[2]

13.     The removing defendant avers that the plaintiff's allegation of damages establish that the claim likely exceeds $75,000.  Specifically, upon cursory review of plaintiff's medical

---

[1] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-883 (5th Cir. 2002).
[2] *Id.*

records in the possession of MGA Insurance Company, Inc., plaintiff allegedly sustained significant injuries that could potentially be in excess of $75,000.

14.    Further, the plaintiff seeks recovery of compensatory damages for the following alleged injuries and losses:

    A.  Past, present and future physical pain and suffering

    B.  Past, present and future mental pain and anguish

    C.  Past, present and future medical care expenses

    D.  Disability

    E.  Loss of enjoyment of life

    F.  Loss of wages and economic opportunity

Additionally, plaintiff seeks unspecified damages, including, but not limited to, general, special, exemplary and punitive, as may be reasonable, together with legal interest thereon from the date of judicial demand until paid, and all costs of these proceedings. Exhibit A.

15.    It is facially apparent from the forgoing factual allegations and claims for damages set forth in the plaintiff's Petition that the amount in controversy in this case likely exceeds the jurisdictional minimum of $75,000.[3]

### Removal

16.    As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

---

[3] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir. 1995).

{B0078172.DOC;1}

17.    Plaintiff filed the Petition on August 3, 2017.  The removing defendant was served with plaintiff's petition on August 17, 2017.  Accordingly, this Notice of Removal is being filed within 30 days from service of a copy of the Petition, setting forth the claim for relief.[4]

18.    Pursuant to 28 U.S.C. § 1446(d), plaintiff, Ursula Davis, is being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

19.    The removing defendant attaches a copy of all process, pleadings, and orders served upon them at the time of removal.[5]

20.    Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

21.    Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

22.    By filing this Notice of Removal, the removing defendant does not waive, and hereby reserves all defenses and objections to the plaintiff's Petition/Complaint.

**WHEREFORE,** the removing defendant, MGA Insurance Company, Inc., respectfully requests that this Court assume full jurisdiction over the cause herein, as provided by law, inasmuch as this Court has subject matter jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount is satisfied.

---

[4] 28 U.S.C. § 1446(b)¶2.
[5] 28 U.S.C. § 1446(a).

Respectfully submitted,

_____

Sidney W. Degan, III (#4804)
Brian W. Harrell (#28439)
Janna Campbell Underhill (#34796)
DEGAN, BLANCHARD & NASH
5555 Hilton Avenue, Suite 620
Baton Rouge, Louisiana 70808
Telephone: 225-610-1110
Facsimile: 225-610-1220
*Counsel for MGA Insurance Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served upon all parties of record via facsimile, and via U.S. Mail, postage prepaid and properly addressed on the 14th day of September, 2017.

_____
**Janna Campbell Underhill**

{B0078172.DOC;1}