# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| URSULA DAVIS | CIVIL ACTION NO. 17-cv-1171 |
| VERSUS | JUDGE JAMES |
| MORGAN LEBLANC, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Ursula Davis ("Plaintiff") filed this civil action in state court for personal injury damages suffered in a car accident. Defendant MGA Insurance removed the case based on an assertion of diversity jurisdiction. The court has an obligation to ensure the existence of subject-matter jurisdiction even if a party has not objected. As explained below, additional facts may be necessary for MGA to satisfy its burden with respect to the amount in controversy.

A notice of removal may assert the amount in controversy if the plaintiff's initial pleading seeks a money judgment but state practice does not permit demand for a specific sum. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal of such an action is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction. Vantage Drilling Co. v. Hsin-Chi Su, 741 F.3rd 535, 537 (5th Cir. 2014).

Plaintiffs' petition, in accordance with Louisiana law, did not set forth a demand for a specific amount of damages. Defendant asserted in its notice of removal that the amount in controversy exceeds $75,000. Defendant may satisfy its burden on that issue by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy— in the notice of removal or an affidavit—that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Plaintiff's petition alleges that she was driving a 2006 Pontiac G6 and stopped in traffic on Mansfield Road when a 2012 Honda CP "struck the rear of the Petitioner's vehicle." Petition, ¶ 5. Plaintiff alleged that the accident caused unspecified injuries "which have required medical treatment." ¶ 10. The petition contains no other information about the nature or extent of those injuries or the type, duration, or expense of any related medical treatment. The petition does not pray for an amount of damages, but it does list categories of damages such as pain and suffering, loss of income, medical bills, and unspecified disability.

The notice of removal acknowledges the burden Defendant bears with respect to the amount in controversy, but the notice does not set forth any specific facts about the injuries or claims at issue. Defendant does offer that "upon cursory review of plaintiff's medical records in the possession of [MGA] plaintiff allegedly sustained significant injuries that could potentially be in excess of $75,000." A bare assertion that medical records suggest unspecified injuries that "could potentially" satisfy the amount in controversy may not be

sufficient to meet a preponderance of the evidence standard. Removal "cannot be based simply upon conclusory allegations." Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003).

Defendant points to the categories of damages claimed by Plaintiff, but this court has noted that virtually every personal injury petition filed in state and city courts allege similar categories of damages. That does not make them all potential federal cases. Wilson v. Hochheim Prairie Cas. Ins. Co., 2014 WL 508520 (W.D. La. 2014).

Defendant also points out that Plaintiff did not take advantage of the ability to plead, pursuant to La. C.C.P. art. 893, that her amount of damages is less than the amount necessary for federal jurisdiction. But this court has stated that the mere lack of an Article 893 allegation by a plaintiff is not enough to meet a removing defendant's burden on the amount in controversy. Lilly v. Big E Drilling Co., 2007 WL 2407254, *2 (W.D. La. 2007). Most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, but the omission is entitled to "some consideration" in the inquiry. See, e.g., Trahan v. Drury Hotels Co., LLC, 2011 WL 2470982, *4 (E.D. La. 2011); Ford v. State Farm, 2009 WL 790150, *4 (M.D. La. 2009); and Broussard v. Multi-Chem Group, LLC, 2012 WL 1492855, *2 (W.D. La. 2012).

Defendants also note that Plaintiff's petition prays for the recovery of all general, special, exemplary, and punitive damages that are available. Statutory penalties, punitive damages, and other such awards can be included in the amount in controversy if there is a basis for such an award. Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL

2457664, *4 (W.D. La. 2012). Plaintiff's petition does not cite any statutory or other Louisiana authority for the availability of punitive damages or statutory penalties in this tort case. Defendant offers no explanation for how such damages are potentially available and therefore relevant in the assessment of the amount in controversy in this case.

Defendant will be allowed until **October 23, 2017** to file an amended notice of removal and provide specific facts that it believes satisfy its burden with respect to the amount in controversy. The court will review the case after that date and determine whether this civil action may remain in federal court or must be remanded.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of October, 2017.

Mark L. Hornsby
U.S. Magistrate Judge